Tucker, P.
In this case the question is distinctly presented, whether a scroll must be recognized as a seal in the body of the instrument in order to constitute it a deed.
At common law and in early times, I have little doubt, that a seal meant an impression made on wax, or other thing which would receive and retain an impression ; for seals were introduced by the Normans, it is said, and used in fact as a signature, at a time when each man had his signet, and a certain coat of arms or engraving upon it designated the individual. 3 Bac. Abr. 164. Lord Colee says, a seal is wax with an impression. When this was the case, the question of seal or no seal, deed or no deed, was matter to be decided by inspection. And, accordingly, he who declared upon a deed made profert of it, that the court might see that it was a good deed; and, in like manner, he who pleaded a deed made profert of it in his plea, with the same view. 5 Bac. Abr. 432. 6 Co. 36. 10 Co. 92. The inspection was sufficient to establish whether the instrument was a deed; but even when that appeared, the question next presented was, whether it was or was not the deed of the party sought to be charged. If not, he denied it by the plea of non est factum,, and that plea was tried of necessity upon proofs dehors the deed.
In process of time, other materials than wax were used, but the impression seems still to have been considered as important, and its existence was still to be tried by inspection. But, at length, among us at least, a scroll seems to have been habitually used as a seal, even anteriour to our statute on the subject, and was accordingly recognized as such, in’the cases of Jones v. Logwood, 1 Wash. 42. and Baird v. Blaigrove, Id. 170. Still, however, the question of seal or no seal, deed or *305 no deed, was properly to be tried by the court upon in- „ 1 r. f . J , . x spection. It the deiendant denied that the instrument declared on was a deed, he might crave oyer and demur j and then the question was directly submitted to the court. If the plaintiff declares upon a deed, and upon the trial the defendant objects for variance that the paper produced is no deed, the court decides the question by inspection. The existence or non-existence of the seal is to be ascertained by an appeal to the senses; and where that is the case, the judges of the court shall upon the testimony of their own senses decide the point in dispute. 3 Black. Comm. 331. 6 Bac. Abr. G31. Hence, we find Mr. Marshall, in the case of Baird v. Blaigrove, asserting that the fact of the instrument being sealed was to be decided by the court. In this I think ho was clearly right, although upon the plea of non est factum, the fact of seal or no seal might also be tried by the jury.
Whether the instrument however was sealed or not, did not, at common law, it seems, depend at all upon the recognition of the seal in the body of the deed. For the clause in cujus rei testimonium, including the allegation that the instrument was sealed by the parties, was not at common la,w deemed essential to the validity of the deed, or the proof of the sealing. 3 Bac. Abr. 163. Shep. Touch. 55. 2 Co. 5. a. The existence of the seal was proved by itself, and whether it was the seal of the party or not, was to be established by witnesses, and tried by the jury on the plea of non est factum. Indeed, when the deed was not signed, as was common in early times, the clause of recognition could be of no importance, since the fact of sealing was necessary to be proved, in order first to establish the recognition, and when the fact of sealing was once proved, the recognition was no longer of any importance.
Proceeding then upon common law principles, and untrammelled by former decisions of our courts, I should *306 say, that an instrument to which a scroll was affixed, was a deed, whether the scroll was recognized as a seal in the body of the instrument or not j and that the defendant must plead non est factum if he denies the scroll to be his. To the same conclusion I should, come in construing our statute, since it must be considered as having been enacted in reference to common law doctrines.
But the decisions of our courts have been too frequent the other way, to justify a departure from them now. In Baird v. Blaigrove, more than 42 years ago, the recognition of the scroll as a seal in the body of the instrument, seems to have been considered as necessary. This too appears to me to be the case in Austin v. Whitlock, Anderson v. Bullock, and Peasley v. Boatwright. And the same opinion, I understand, was held by this court in the case of Turberville v. Bernard. The impression that such is now the law, is very general. To reverse the course of the court, and to declare those instruments to be deeds which have a scroll affixed without recognition in the body of the instrument, would be very mischievous. It might give rise_ to many writs of error, affect the decision of many suits now depending and prosecuted upon the faith of former adjudications, and might moreover produce devastavits in the case of executors, who have treated as simple contracts, instruments that fall within that description according to the principles of the cases heretofore decided. I cannot therefore consent to overrule them.
.Nor do I think it desirable to restore the common law doctrine. The omission of the clause in cujus rei testimonium admits, I think, of gross abuses. They are alluded to by judge Tucker in his opinion in the case of Austin v. Whitlock. The facility with which a seal of wax or a scroll may be fraudulently affixed to the name of the party, and the character of the in strument thereby entirely changed, affords an unanswerable argument in favour *307 of requiring the recognition of the seal in the body of the instrument. As the addition of the seal may create a lien on the realty; as it operates an estoppel, and concludes the party from denying the consideration or questioning the facts set forth in the instrument; as it elevates the contract to the dignity of a specialty in the distribution of assets; as it excludes the protection of the act of limitations; as it is so easy to add a seal fraudulently, without risque of detection; and as the proof of handwriting, in the absence of subscribing witnesses, is considered sufficient proof of sealing and delivery, I think it wise to require a recognition of the seal by the instrument itself, instead of trusting the proof of so important a fact to the slippery memory of witnesses. Constituting, as the fact of sealing does, a part of the very contract itself, creating by its annexation to the signature, stipulations and terms which, without it, would not arise out of its language, there is every motive for requiring that the recognition of it should be found in that writing, which contains all the other terms and stipulations between the parties to the contract. Thus, it is conceded that heirs are not bound, unless named in the instrument; and even though named, they are not bound unless there be a seal. If, then, the obligation upon them must be set forth in the written stipulations of the instrument itself, it would seem to follow, that every thing which is an essential to the completion of that obligation must be there set forth; and as sealing is an essential, the sealing should be set forth, or recognized in the body of the instrument. It is, indeed, contrary to the analogies and principles of the law, that an essential term or stipulation of a written contract, should be made to depend wholly upon testimony dehors the instrument.
Upon the whole, therefore, I think it is no subject of regret, that the rule of recognition has been established, I shall only add, that I do not think the word seal writ *308 ten in the scroll amounts to the required recognition. The recognition, if required at all, ought to be express, and not left to vague inference; for otherwise no man could be certain as to the nature and character of the contract he holds, and no counsel could be certain in what manner it should be treated when he brings suit upon it.
The other judges concurred.* Judgment reversed.

 Cabell, J. was not present at the argument (being sick at the time) and therefore did not sit at the decision; but he authorized the reporter to state, that he had considered the point, and concurred in the opinion of the president.